Thurman, C. J.
Abbey, sheriff of Cuyahoga county, under color of an order of attachment against the property of one Harris B. George, seized certain goods in the possession of Searls & Rider, and detained them until an order of restitution was made by a justice of the peace, upon a trial Of the right of property instituted by S. & R., pursuant to the statute. After the restitution, S. & R. brought a civil action against Abbey, to recover damages for the .seizure and detention. The district court held that the proceedings .before the justice did not bar the action; the plaintiff recovered a judgment. To reverse this judgment the present petition is exhibited, and leave is asked to file it. The sole ground of the petition is the ruling above mentioned.
In Patty v. Mansfield, 8 Ohio, 369, it was held that if the ^verdict and judgment upon a trial of right of property, are against the claimant, he can not afterward bring and maintain an action against the officer for the seizure or detention of the property, but that his rights, as against any other person, are not affected thereby. The ground of the decision was, that the principal object of the statute is to furnish protection to an officer making a mistake in the discharge of his duty; “an object that would not be effected, if, after a trial of the right of property and a decision against the claimant, the officer could still be subjected to an action at his suit.” For the claimant is not bound to have a trial of the right of property; and if he, nevertheless, see fit to have it, and fail to establish his right — thereby adding apparent strength to the claim of the creditor, that the property be held by the process — he ought not to be allowed, in a subsequent proceeding ¡against the officer, to show his right to it.
*600 But this reasoning has no application -where the result of the-trial is in favor of the claimant. In such a case, no one has ever-doubted that he might replevy the property out of the hands of the officer, or bring trespass against him, if he refuse to redeliver it; and if so, why may he not have his action for the damages-sustained prior to a redelivery ? He would recover them in the action above supposed, where there was no redelivery, and why should a return of the property defeat such a recovery ? What bar is there to his right of action ? He has sustained a wrong, and he ought to have a remedy, otherwise manifest injustice is done. We see no reason to depart from the maxim of the law, that where there is a right there is a remedy to enforce it. Nor is there anything in Patty v. Mansfield, that requires us to do so in this case.

Motion overruled.